CHARLES S. WEBB III
STEVEN A. BERGER
THOMAS E. HONE
KENNETH J. APPLEBAUM
JONATHAN ROGIN
JUDITH Z. KATZ
ADAM H. BRODSKY

# BERGER & WEBB, LLP
### ATTORNEYS AT LAW
7 TIMES SQUARE, 27TH FLOOR
NEW YORK, NY 10036
(212) 319-1900

FAX
(212) 319-2017
(212) 319-2018

WWW.BERGERWEBB.COM

February 2, 2015

**BY ECF FILING**

Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 12B
New York, NY 10007

      RE:    *Apple Mortgage Corp. v. Barenblatt, et al.*
               (S.D.N.Y. Case No. 13-cv-9233)

Dear Judge Koeltl:

      We represent Plaintiff Apple Mortgage Corp. ("Apple") in the referenced action, and I am writing pursuant to the Court's individual rules and Local Rule 37.2 to request a pre-motion discovery conference. More specifically, this letter addresses Apple's need for additional discovery from a non-party, GuardHill Financial Corp. ("GuardHill"). GuardHill is the current employer of defendants Richard Barenblatt, Keith Furer, David Breitstein and Kevin Ungar (collectively, "Defendants").

      **Summary of Case**

      Apple was a New York mortgage brokerage company, and the Defendants were four long-time loan originators at Apple. (As of February 4, 2014, Apple sold its assets and ceased originating any new mortgage loan business.) Via its complaint herein, Apple alleges that Defendants, prior to resigning from Apple on September 3, 2013 to begin working at GuardHill, misappropriated confidential and proprietary client information from Apple. Apple further alleges that defendants Barenblatt and Breitstein effectuated this misappropriation by downloading such information to portable storage devices, and that all Defendants deleted files from Apple's system (sometimes via remote access *after* they resigned). Apple asserted various causes of action against Defendants based upon these facts, and Apple's damages at trial may include amounts equal to the commissions earned by Defendants at GuardHill on clients whose data was misappropriated, and/or the gross sums received by GuardHill on loans closed for such

86229.1

BERGER & WEBB, LLP

Hon. John G. Koeltl
February 2, 2015
Page 2

clients. Defendants have denied all allegations of wrongdoing, and also asserted counterclaims against Apple relating to commission payments allegedly due and owing.

### Discovery Dispute With GuardHill

Counsel for Apple and GuardHill have engaged in extensive communications in an effort to reduce the discovery burden for GuardHill in responding to Apple's document requests. To that end, Apple agreed to provide a select list of GuardHill customers whose information had been on Apple's computer system, and to limit its requests to GuardHill to those customers (the "Overlapping Clients"). Apple even agreed to limit the types of information it needed from GuardHill for the Overlapping Clients, further agreeing to accept such information from GuardHill in spreadsheet form rather than requiring physical production of documents. Last Friday, January 30, 2015, after several months of discussions, GuardHill did, in fact, provide certain of the requested information.

However, there remain documents and information which GuardHill refuses to provide, and which are material and necessary for Apple's prosecution of its claims against Defendants. Those documents are briefly described as follows:

### 1. Documents Concerning Bonuses Paid to Defendants

Apple has demanded documents concerning compensation paid to Defendants, which necessarily includes bonus information. GuardHill has already produced payroll stubs reflecting commission payments to Defendants, but it continues to refuse to provide evidence of any bonus payments to Defendants. Apple contends that to the extent that bonuses related to loans closed by Defendants for any of the Overlapping Clients, Apple can recover such amounts as damages. Thus, Apple is entitled to document reflecting such bonuses and the calculation thereof, including all documents reflecting the extent to which such bonuses were calculated, in whole or part, factoring in the service release premium and/or the yield spread premium received by GuardHill on loans for the Overlapping Clients.

### 2. Additional Loan Details

GuardHill has also refused to produce the following information for loans closed by GuardHill for the Overlapping Clients:

    a. The application sent by to the applicant;
    b. Communications with the applicant;
    c. The date on which the application was sent to the applicant;
    d. Gross commission received by GuardHill; and
    e. The amount of service release premium.

86229.1

B‍erger & Webb, LLP

Hon. John G. Koeltl
February 2, 2015
Page 3

The reason that the application and the date that it was sent to the applicant are important pieces of information is because, depending on what is contained in such application, and the date it was sent as compared to the date on which GuardHill first ran a credit report, these documents and information will likely support a conclusion that the Defendants included information in the application that they only could have gotten from misappropriated Apple files. Similarly, communications with the applicants (particularly the communications transmitting the application) could provide similar relevant evidence demonstrating the use by Defendants of information misappropriated by Apple.

"Gross Commission" information for loans closed by GuardHill for the Overlapping Clients is relevant because Apple can claim as damages that it would have received such amount had the subject loans remained and closed at Apple. Finally, with regard to the service release premium, this information (which, as well as the yield spread premium referenced above, constitute additional fees potentially received by GuardHill on the subject loans) is relevant to the extent that the calculation of the commissions (and/or bonuses) paid to Defendants (and thus recoverable by Apple from them as damages) were based upon such premiums.

### 3. USBSTOR logs for Defendants Barenblatt and Breitstein

Defendants Barenblatt and Breitstein have already produced for inspection in this action various storage devices which admittedly contain information copied by them from Apple's network. We requested that GuardHill provide what is known as a USBSTOR log for the computers used by defendants Barenblatt and Breitstein at GuardHill. This is essentially a list identifying all external storage devices connected to such computers, and it is the only way for Apple to prove that the devices produced by these two defendants containing Apple's customer information were physically connected to their GuardHill computers, presumably for the purpose of uploading that same information to GuardHill's computer network. This fact, if proven, will support Apple's liability claims.

\* \* \*

After the undersigned made one final effort to resolve these issues without the need to involve the Court, Allan Bloom of Proskauer Rose, counsel for GuardHill, responded by e-mail on January 30, 2015, in which he voiced GuardHill's continued objecting to producing any of the documents or information described herein. His simple explanation for this refusal was, regarding the Gross Commission information described above, that is not relevant, and regarding everything else described herein, that "[w]e also do not see the relevance of any of the additional information you requested, which we don't believe is narrowly tailored to avoid undue burden and expense."

Despite repeated objections along these lines, Mr. Bloom has never articulated how it

86229.1

BERGER & WEBB, LLP

Hon. John G. Koeltl
February 2, 2015
Page 4

would be particularly burdensome or expensive for GuardHill to provide the requested information, given the small list of Overlapping Clients (only 34 of which appear to have actually closed loans at GuardHill) and the fact that most of the information sought is likely easily obtained from GuardHill's computer network. As set forth above, the information sought is relevant. Accordingly, we request a pre-motion conference with the Court to address these issues.

Respectfully submitted,

Jonathan Rogin

cc: Richard C. Schoenstein, Esq. (by e-mail and ECF)
    Allan S. Bloom, Esq. (by e-mail and by hand) (counsel for non-party GuardHill)

86229.1