BERGER & WEBB, LLP
ATTORNEYS AT LAW
7 TIMES SQUARE, 27TH FLOOR
NEW YORK, NY 10036
(212) 319-1900

CHARLES S. WEBB III
STEVEN A. BERGER
THOMAS E. HONE
KENNETH J. APPLEBAUM
JONATHAN ROGIN
JUDITH Z. KATZ
ADAM H. BRODSKY

FAX
(212) 319-2017
(212) 319-2018

WWW.BERGERWEBB.COM

February 5, 2015

**BY ECF**

Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 12B
New York, NY 10007

      RE:    *Apple Mortgage Corp. v. Barenblatt, et al.*
               (S.D.N.Y. Case No. 13-cv-9233)

Dear Judge Koeltl:

      We represent Plaintiff Apple Mortgage Corp. ("Apple") in the referenced action, and I am writing in response to the letter sent to the Court this afternoon by Allan Bloom of Proskauer Rose, attorneys for non-party GuardHill Financial Corp. ("GuardHill"), by which Mr. Bloom requested that the Court adjourn the Local Rule 37.2 pre-motion discovery conference scheduled for February 9, 2015 to a date after February 13, 2015.

      I am writing to inform the Court, as I did Mr. Bloom and Richard Schoenstein (attorney for all four defendants), that I will be away on vacation from February 17th to 24th. I further informed Mr. Bloom that, while I could be available for an adjourned pre-motion conference on February 25th in the afternoon or on March 2nd, 3rd or 4th, because of the current discovery deadline of March 13, 2015, I could not consent to an adjournment of the conference unless the defendants agreed to stipulate to (and the Court ordered) an adjournment of this discovery deadline. Defendants have refused this request.

      Accordingly, I am writing to the request that the Court nonetheless adjourn the discovery deadline to April 30, 2015. (To this end, enclosed herewith is a proposed Second Amended Civil Scheduling Order, which not only adjourns the discovery deadline to April 30, 2015, but similarly extends the other deadlines that were set forth in the first Amended Civil Scheduling Order, which was entered on November 17, 2014 [ECF Doc. 23].)

      This request is necessary and reasonable. As set forth in my letter dated February 2,

86263.1

BERGER & WEBB, LLP

Hon. John G. Koeltl
February 5, 2015
Page 2

2015, GuardHill possesses documents relevant both to Apple's liability and damage claim, regarding loans closed by the defendants while employed by GuardHill; documents which can only be obtained from GuardHill. It is critical that Apple obtain these documents and information prior to deposing the defendants. In light of the current March 13th deadline, it seems highly unlikely – even if the pre-motion conference goes forward as scheduled on February 9th – that GuardHill will produce all required documents in time for Apple to depose all four defendants before the deadline. It is the undersigned's view that if the Court were to extend the discovery deadline to April 30th, this would allow for the adjournment of the pre-motion conference to February 25th or the first week in March (as described above), seemingly with enough time thereafter for GuardHill to produce the necessary documents prior to defendants' depositions.

Pursuant to Your Honor's Individual Practice 1(E):

1. The original discovery deadline was October 31, 2014, and the current deadline is March 13, 2015.

2. There was one previous joint request for an extension of the deadline, which was granted and resulted in the Amended Civil Scheduling Order entered on November 17, 2014.

3. Defendants do not consent to Apple's request. The reason given by Mr. Schoenstein for this refusal is that the defendants "want to move this case forward and . . . move expeditiously to trial."

No prejudice would result if the Court were to grant Apple's request herein. For all of the foregoing reasons, Apple requests that the Court sign the enclosed proposed Second Amended Civil Scheduling Order, in which case Apple would have no objection to an adjournment of the pre-motion discovery conference to either February 25th in the afternoon, or any of March 2nd, 3rd or 4th.

Respectfully submitted,

Jonathan Rogin

cc: Richard C. Schoenstein, Esq. (by e-mail and ECF)
    Allan S. Bloom, Esq. (by e-mail) (counsel for non-party GuardHill)

86263.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
APPLE MORTGAGE CORP.,

                Plaintiff,

  -against-

RICHARD BARENBLATT, KEITH FURER,
DAVID BREITSTEIN and KEVIN UNGAR,

                Defendants.

------------------------------------------------------------------ x

Civil Action No. 13 CV 9233 (JGK)

**SECOND AMENDED CIVIL SCHEDULING ORDER**

It is hereby ORDERED by the Court that the Amended Civil Scheduling Order, entered by the Court on November 17, 2014, is amended as follows:

**Discovery:** Except for good cause shown, all discovery shall be commenced in time to be completed by **April 30, 2015**. The Court expects discovery to be completed within 60 days of the first scheduling conference unless, after the expiration of that 60 day period, <u>all</u> counsel stipulate that additional time (not to exceed 60 more days) is needed to complete discovery. The expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made at least 30 days before the completion of discovery.

**Dispositive Motions:** Dispositive motions, if any, are to be completed by **May 25, 2015**. The parties are advised to comply with the Court's Individual Practice 2(B0 regarding motions, and to submit one fully briefed set of courtesy copies to the Court.

**Pretrial Order/Motions in Limine:** A joint pretrial order, together with any motions in limine or motions to bifurcate, shall be submitted by **June 15, 2015**. In jury cases, parties shall

86262.1

submit requests to charge and voir dire requests. In non-jury cases, parties shall also submit proposed findings of fact and conclusions of law. The pretrial order shall conform to the Court's Form Joint Pretrial Order, a copy of which may be obtained from the Deputy Clerk.

**Trial:** The parties shall be ready for trial on **48** hours notice on or after **June 24, 2015**. The estimated trial time is **5 days**, and this is a **jury** trial.

The provisions of the footnote on the first page of the Civil Scheduling Order (entered by the Court on March 11, 2014) remain applicable and in effect.

Dated: February ___, 2015

SO ORDERED:

_____
John G. Koeltl
United States District Judge