# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
Fax (212) 818-9606

51 JOHN F. KENNEDY PARKWAY
FIRST FLOOR WEST
SHORT HILLS, NJ  07078-2713
(973) 218-2509
FAX (973) 218-2401

www.ssbb.com

E-Mail: rschoenstein@ssbb.com
Direct Dial: (212) 404-8707

February 5, 2015

*By ECF*

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>  Re:  Apple Mortgage Corp. v. Richard Barenblatt et al., Civil Action
>        No. 13 CV 9233 (JGK) (HP)

Your Honor:

    We represent the Defendants in the above-referenced litigation.  We write with respect to the pre-motion conference regarding Plaintiff's motion to compel additional document production from non-party GuardHill Financial Corp., currently scheduled for February 9, 2015, and further to the letters to the Court submitted today by counsel for GuardHill and counsel for Plaintiff.

    As to the substantive discovery dispute between Plaintiff and no-party GuardHill, Defendants take no position.  And Defendants have no objection to the request by GuardHill to adjourn the pre-motion conference, now scheduled for February 9, 2015.  Defendants do oppose, however, the new request by Plaintiff to adjourn the discovery completion date in this case from March 13 to April 30, 2015, as such an extension is not necessary or appropriate.

    This action was commenced on December 31, 2013, by Plaintiff, against four of its former employees, asserting a host of claims relating to their departure from the company.  Defendants served their Answer and Counterclaims – including their very substantial claims for recovery of unpaid commissions and illegal wage deductions – on January 16, 2014.  There was a substantial exchange of documents in the months that followed.

    By order of the Court, the matter was briefly stayed from September 25, 2014 until November 12, 2014.  On November 15, 2015, the Court entered an Amended Civil Scheduling Order – agreed to and jointly submitted by all parties herein – setting forth deadlines including a discovery completion date of March 13, 2015.

SATTERLEE STEPHENS BURKE & BURKE LLP

Hon. John G. Koeltl
February 5, 2015
Page 2

On November 12, 2014, the day the Court lifted the stay, Defendants served their Notice of Deposition on Plaintiff. That deposition was scheduled and rescheduled, and is now set to take place next Tuesday, February 10. The only non-party deposition being taken by Defendants was conducted last week.

Plaintiff is taking two non-party depositions next week, and has asked to depose one of the Defendants on March 3, which we are accommodating. Today, for the very first time, Plaintiff asked to set dates for the other three Defendants. Despite the late request, and although Plaintiff has never served a Notice of Deposition, we will do our best to accommodate Plaintiff and it would appear that all four depositions can be completed by March 13.

Following that, this matter is scheduled for a settlement conference with Magistrate Judge Pitman on March 24, 2015. Dispositive motions, a pretrial order and any motions in limine are due in April. Defendants and counsel have planned their own Spring schedule with these deadlines in mind.

Thus, Defendants respectfully submit that there is no reason to disrupt the Court's Amended Civil Scheduling Order. Plaintiff commenced this action more than a year ago, had substantial time before the stay to take discovery, has been well aware of the current deadline for nearly three months, and has had plenty of time in the interim to pursue discovery from parties and non-parties alike. Moreover, there is still ample time to resolve the discovery dispute and take the depositions of Defendants prior to the March 13 deadline.

Accordingly, the fact that Plaintiff has decided to pursue a motion to compel against a non-party this week – in connection with a subpoena served many months ago – does not justify a 48 day extension of the discovery cut-off. Nor does the fact that counsel for Plaintiff apparently scheduled a vacation several weeks before a discovery cut-off date that was set last November.

Finally, further delay of this matter poses substantial potential prejudice to Defendants arising from further delay. Plaintiff continues to withhold commissions and refuses to reimburse improper wage deductions, and associated penalties under the New York State Labor Law, that have been owing to Defendants since they resigned in September 2013. In the meantime – and since this action was filed – Plaintiff has disbanded and sold all of its assets to Sterling National Bank. It is unclear whether Plaintiff retained sufficient capital to cover the claims pending against it and, even if it did, if such funds are being dissipated in the course of the lengthy prosecution of this action. While Plaintiff has an interest in continuing to sully Defendants' reputations by having this matter pending, while its assets available to satisfy a judgment continue to drain, Defendants wish to proceed expeditiously to trial.

Accordingly, Defendants respectfully submit that the current schedule should be maintained, and that a promotion conference be scheduled as to Plaintiff's non-party discovery dispute on the earliest date that the Court, the parties and GuardHill are available.

2126525_1

S<small>ATTERLEE</small> S<small>TEPHENS</small> B<small>URKE</small> & B<small>URKE</small> LLP

        We appreciate the Court's attention to this matter and are available to answer any questions Your Honor may have.

        Respectfully submitted,

        Richard C. Schoenstein

cc:    Jonathan Rogin (Counsel for Plaintiff) (by email and ECF)
       Allan S. Bloom (Counsel for non-party GuardHill) (by email)