UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
APPLE MORTGAGE CORP.,

                Plaintiff,

   -against-

RICHARD BARENBLATT, KEITH FURER,
DAVID BREITSTEIN and KEVIN UNGAR,

                Defendants.

------------------------------------------------------------------ x

Civil Action No. 13 CV 9233 (JGK)

**REPLY AFFIDAVIT OF RICHARD C. SCHOENSTEIN IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF NEW YORK  )

       RICHARD C. SCHOENSTEIN, being duly sworn, deposes and says:

       1.     I am a member of the Bar of this Court and of the firm Satterlee, Stephens Burke & Burke LLP, counsel for Defendants herein. I make this Reply Affidavit in further support of Defendants' motion for summary judgment.

       2.     Annexed as Exhibit 17 to my initial Affidavit in support of Defendants' motion was a chart summarizing the facts relevant to the clients for whom Defendants originated mortgages since leaving Apple, as to which Apple asserts a right to compensation.

       3.     Attached as Exhibit 1 to this Reply Affidavit is a modified version of that same chart, reflecting only the 19 clients still at issue following Apple's opposition to the motion for summary judgment.

       4.     As indicated, 14 of the 19 borrowers never previously transacted business with Apple. There is no evidence suggesting that Apple had connections to these borrowers independent of their relationships with Defendants. For example, Apple does not say that it

1

attempted to contact any of them or otherwise sought their business upon the departures of Defendants. Thus, there is no basis to assume that, had they not originated loans at GuardHill, they would have done so at Apple. Indeed, five of those borrowers had attempted to obtain financing at Apple, but had been unsuccessful in doing so, making the assertion of damages to Apple even more attenuated.

5. In addition, six of the 19 loans on Apple's list were applied for after Apple stopped taking applications, making it simply impossible that Apple could have done the transactions.

6. Finally, 16 of the 19 loans were placed at banks Apple did not do business with. Apple contends now that there are "other banks," but it is pure speculation to say that the same customers could have obtained and would have agreed loans on the same terms at different banks.

7. All considered, of the 19 borrowers, only two were actual prior clients of Apple, and applied for a loan before Apple stopped accepting applications, and took loans at a bank that still did business with Apple. One, Mr. Iwata, has been a friend of Breitstein for 20 years. (Breitstein Aff. ¶ 60.) The second, Ms. Iwashiro, is the daughter of a key referral source of Furer. (Furer Aff. ¶ 61.) These clients would have found their way to Defendants in any event and there is no causal basis to credit commissions for these transactions to Apple.

8. Attached as Exhibit 2 to this Reply Affidavit a true and correct copy of excerpts from the deposition of Michael Bizenov, Executive Vice President and President of Consumer Banking for Sterling National Bank, taken in this case. I attached excerpts from Mr. Bizenov's deposition to my initial Affidavit, but apparently missed some pages we cited, so we have attached here all of the cited pages.

2264382_1

9. Attached as Exhibit 3 to this Reply Affidavit a true and correct copy of excerpts from the deposition of Geoffrey Sheerar, taken in this case. I attached excerpts from Mr. Sheerar's deposition to my initial Affidavit, but apparently missed some pages we cited, so we have attached here all of the cited pages.

_____
RICHARD C. SCHOENSTEIN

Sworn to before me this 30th day of July, 2015.

_____
Notary Public

SHEILA P. GARVEY
Notary Public, State of New York
No. 01GA6045095
Qualified in Bronx County
Commission Expires July 24, 2018

3

2264382_1